

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:08CR309
Civil Action No.

WAYNE D. THOMPSON

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 19, 2013, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Wayne D. Thompson. (ECF Nos. 56, 57.) On April 6, 2015, the Court received from Thompson a motion titled "Motion For A Delayed Evidentiary Hearing In Light of Simmons 649 F.3d 237 (4th Cir.), Carchuri-Rosendo vs. Holder, 130 S. Ct. 2586 . . ., In Light of Descamps v. U.S., 133 S. Ct. 2276, Whiteside v. U.S. No. 13-7152 (4th Cir.)" ("April 6, 2015 Motion," ECF No. 65 (punctuation corrected).) As explained below, the April 6, 2015 Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 Motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in

substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

In his April 6, 2015 Motion, Thompson contends that he was improperly sentenced in light of several new decisions from the Fourth Circuit and the Supreme Court of the United States. Thompson's April 6, 2015 Motion is in effect another attack on his sentence and must be treated as a successive § 2255 motion. The Court has not received authorization from the Fourth Circuit to file the present § 2255 motion. Therefore, the action will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability. Thompson's Motion for the Appointment of Counsel (ECF Nos. 65) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Thompson and counsel for the United States.

Date: June 6, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge