IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                      Criminal No. 3:08cr309

WAYNE D. THOMPSON

**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 102), the UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 105), the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 109), and the UNITED STATES' SUPPLEMENTAL FILING ON EFFECT OF CLEMENCY UNDER THE FIRST STEP ACT OF 2018 (ECF No. 110). For the reasons set forth below, DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 102) will be denied.

**BACKGROUND**

Wayne D. Thompson was convicted by a jury of possession with intent to distribute five grams or more of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 841(a). He was subject to a sentence enhancement under 21 U.S.C. § 851 for a previous controlled substance offense. The weight of crack cocaine

for the offense of conviction is this case as shown in the record was 30.189. The defendant was determined to be a career offender and he had a criminal history category of VI. The sentence called for by the guidelines was 360 months to life.

The district court imposed a sentence of 300 months of incarceration followed by 16 years of supervised release. On January 19, 2017, through an Executive Grant of Clemency, the term of imprisonment was reduced to 220 months. If he were sentenced today after the Fair Sentencing Act, Thompson's guideline range would be 262 to 325 months, with the low end of the guideline range being 42 months above the sentence reduction effected by the grant of clemency.

**DISCUSSION**

The United States contends that Thompson is not eligible for a sentence reduction for two reasons. First, the United States has argued in its briefs that, because Thompson's sentence was commuted by the President, the Court has no jurisdiction to proceed with this motion. The United States has withdrawn that argument.[1]

Second, the United States contends that the quantity of crack cocaine attributed to Thompson (30.148 grams) exceeds the

---

[1] UNITED STATES' SUPPLEMENTAL FILING ON EFFECT OF CLEMENCY UNDER THE FIRST STEP ACT OF 2018 (ECF No. 110).

2

threshold of 28 grams in the Fair Sentencing Act and therefore Thompson is foreclosed from proceeding under the First Step Act. Thompson takes the view that eligibility for modification of sentence under Section 404(b) of the First Step Act is determined by the quantity of the controlled substance asserted in the indictment. Neither view is correct.

For the reasons set forth in <u>United States v. Wirsing</u>, ___ F.3d ___, No. 19-6381, 2019 WL 6139017 (4th Cir. 2019), <u>United States v. Mabry</u>, 2019 U.S. Dist. LEXIS 192435 (E.D. Va. Oct. 31, 2019), and <u>United States v. Hardnett</u>, ___ F. Supp.3d ___, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019), the Court concludes that eligibility for a modification of sentence under Section 409 (b) of the First Step Act does not depend upon quantity at all. Thompson is eligible for modification of sentence under the First Step Act because, before August 3, 2010, he violated a federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010.

However, whether to grant a reduction of sentence is a matter of discretion and in exercising that discretion the Court must consider all of the facts in the case, including those set forth in the motion for reduction of sentence, those in the Presentence Report or otherwise and the record of the case in its entirety, including the positions of the parties set forth in their

3

respective briefs and the record of the defendant in pursuing rehabilitation while in prison. United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019).

The analysis here begins with the offense of conviction and the fact that the defendant is a career offender with a criminal history of category VI who committed an extremely serious offense by possessing with the intent to distribute crack cocaine within 1,000 feet of a school. Although the quantity of crack cocaine possessed with intent to distribute is not determinative of Thompson's eligibility for modification of sentence, the quantity of crack cocaine can be taken into account in assessing whether to grant the requested modification. Also, it is appropriate to consider what the punishment for the offense would be under the current guidelines, even though the Court is not bound by the current guidelines which are, like their predecessor, advisory. Under current law, there is no mandatory minimum sentence and the maximum sentence of imprisonment is 40 years whereas before the mandatory minimum sentence was 10 years with the statutory maximum being life imprisonment. The current guideline provides for imprisonment from 262 to 325 months.

The record reflects that, while in prison, Thompson has completed his GED, is working on a welding certification, is enrolled in Spanish classes, has completed barber classes, and has

4

attended self-help classes, drug treatment, health courses, and business classes.[2] He has worked for UNICOR while incarcerated and has sent the money that he earns home every month (after he satisfies his financial obligation under his sentence). It appears that Thompson has used his time in prison in efforts to prepare himself for life when he returns to the community. And his disciplinary record while in prison, although not spotless, consists of three minor disciplinary instances.

Considering the record, the positions of the parties, all of the sentencing factors, Thompson's criminal history category, and Thompson's record of rehabilitation while in prison, the Court is of the view that Thompson's motion for modification of sentence should be denied to protect the public, to deter the defendant, and to promote respect for the law. The commuted sentence is sufficient but not greater than necessary to achieve those objectives.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 10, 2019

---

[2] On November 21, 2019, Thompson filed a letter from the Bureau of Prisons advising that Thompson has performed quite well in the Residential Drug Abuse Program (ECF No. 111).

5